GREER v. THE STATE.

No. 7483. DECEMBER 11, 1929.

*Marion T. Swann, W. S. Allen,* and *W. R. Jones,* for plaintiff in error.

*J. F. Hatchett, solicitor,* contra.

ATKINSON, J. The caption of an act approved August 24, 1929 (Acts 1929, p. 335), is: "An act to prohibit the use of steel traps or other like devices in trapping or catching any bird, game, or animal in this State; to provide a penalty for the violation of the provisions of this act; and for other purposes." In section 1 of the act it is declared: "That from and after the passage of this act it shall be unlawful for any person . . to use a steel trap or other like device, in trapping or catching any bird, game, or animal in any of the counties of this State, whether same be caught or trapped for profit or otherwise. But this act shall not apply to the salt-water marshes and the islands along the coast of Georgia; provided, however, that the commissioner of game and fish may issue special permits to game wardens, deputies, or other responsible persons, authorizing the taking, by means of steel traps, of vermin and predatory animals in localities where such vermin or predatory animals

are a menace to quail or other game birds, and each steel trap used for this purpose must have securely fastened thereto a tag issued by the Department of Game and Fish, showing authority for its use." In section 2 it is declared: "That any person . . shall not be prohibited from using steel traps or other like devices for the purpose of protecting fowls, provided said steel traps or other like devices shall not be set or placed at a distance greater than one hundred feet from said fowl-house; and provided further, that said fowl-house is located within the curtilage of the dwelling-house of said person, firm, or corporation." Section 3 declares a violation of the provisions of the act to be a misdemeanor and punishable as provided in the Penal Code, § 1065.

1. The provision, "but this act shall not apply to the salt-water marshes and the islands along the coast of Georgia," does not render the act unconstitutional, as alleged in the demurrer to the accusation, on the ground that said provision is "in conflict with the first phrase and restriction in article 1, section 4, paragraph 1, of the present constitution of Georgia, which reads: 'Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights shall be varied in any particular case by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract is capable of such consent.'" If the act is a special law as distinguished from a general law within the meaning of the constitution, the ground of demurrer fails to point out any existing general law on the subject and to attack the constitutionality of the act on the ground that it is an authorized attempt to repeal or vary the existing general law.

2. The act is not violative of that provision of article 1, section 1, paragraph 2, of the constitution (Civil Code of 1910, § 6358) which declares that "protection to person and property is the paramount duty of government, and shall be impartial and complete," on the ground as alleged in the demurrer that "it restrains defendant from protecting his garden and other farm products from destruction by rabbits and other animals, by the use of steel traps and other like devices."

3. The fourth ground of demurrer alleges that the act is uncon-

stitutional as a local or special law, because there was no compliance with that provision of article 3, section 7, paragraph 16, of the constitution (Civil Code of 1910, § 6444), which declares: "No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall be given at least thirty days prior to the introduction of such bill into the General Assembly, and in the manner to be prescribed by law. The evidence of such notice having been published shall be exhibited in the General Assembly before such act shall be passed." It does not appear from the face of the accusation that there was no compliance with this provision of the constitution, and in so far as the demurrer seeks to raise the question indicated it is speaking and insufficient to raise any question for decision.

4. The act is not repugnant to the clause quoted above from article 1, section 1, paragraph 2, of the constitution, for the reason, as contended, that "it imposes unreasonable restriction upon defendant in the protection of his fowls, in that it says where he shall build his fowl-house, and should defendant's pen or pasture for his fowls extend a greater distance from his fowl-house than one hundred feet he is not permitted to protect them by the use of steel traps or other like devices."

5. The allegations of the accusation charged the defendant with a misdemeanor substantially in the language of the statute, and the judge did not err in overruling the demurrer.

6. The case was submitted to the judge upon an agreed statement of facts. The defendant was found guilty, and made a motion for a new trial on the general grounds, which was overruled, and he excepted. The judgment was authorized by the agreed statement of facts, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*